Daniel Israel LIMA, Petitioner,

v.

Loretta E. LYNCH, Attorney
General, Respondent.

No. 15-71116

United States Court of Appeals,
Ninth Circuit.

Submitted July 26, 2016 *

FILED August 2, 2016

Ramiro Jose Lluis, Attorney, Law Offices of Ramiro J. Lluis, Los Angeles, CA, for Petitioner

Jennifer R. Khouri, Attorney, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, for Respondent

Before: SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Daniel Israel Lima, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' order summarily affirming an immigration judge's order denying his motion to reopen removal proceedings conducted in absentia. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen. *Avagyan v. Holder*, 646 F.3d 672, 678 (9th Cir. 2011). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying Lima's motion to reopen as untimely, where it was filed nine months after the issuance of his in absentia removal order, *see* 8 C.F.R. § 1003.23(b)(4)(ii) (motion to reopen and rescind must be filed within 180 days), and Lima failed to establish the due diligence required for equitable tolling of the filing deadline, *see Avagyan*, 646 F.3d at 679 (equitable tolling is available to an alien who is prevented from timely filing a motion to reopen due to deception, fraud, or error, as long as petitioner exercises due diligence in discovering such circumstances). In light of this disposition, we do not reach Lima's contention that exceptional circumstances prevented him from appearing at his hearing.

We lack jurisdiction to review the agency's sua sponte determination. *See Mejia–Hernandez v. Holder*, 633 F.3d 818, 823–24 (9th Cir. 2011).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.